IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

THERESA C.W. PRYOR-KENDRICK
ADC # 708204                                                        PETITIONER

v.                          Case No. 5:12CV00006-DPM-JTK

RAY HOBBS, Director,
Arkansas Department of Correction                                   RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

<u>INSTRUCTIONS</u>

The following recommended disposition has been sent to United States District Court Judge D.P. Marshall, Jr.   Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Petitioner is in the custody of the Arkansas Department of Correction (ADC) pursuant to a ten-year sentence for violation of probation. She does not attack her underlying criminal conviction or sentence; instead, she challenges four prison disciplinary decisions from January to August 2011. In her petition (Doc. No. 3, at 1, 3), Petitioner also advances a claim pursuant to the Administrative Procedure Act (APA); however, to the extent she is asking for federal administrative review, no such relief is available to her.[1] Additionally,

---

[1]A plain reading of the APA defines "agency" as "each authority of the Government of the United States." 5 U.S.C. § 551 (1). "By its own terms, the APA does not apply to state agencies. This result is confirmed by case law." *Southwest Williamson County Community Ass'n, Inc.*, v. *Slater*, 173 F.3d 1033, 1035-36 (6th Cir. 1999) (citing *Resident Council of Allen Parkway Village v. HUD*, 980 F.2d 1043, 1055 (5th Cir. 1993);

Petitioner brings this action under 28 U.S.C. § 2241, rather than 28 U.S.C. § 2254, but when a habeas petitioner is in custody pursuant to a state-court judgment (as Petitioner is), she "can only obtain habeas relief through § 2254, no matter how [her] pleadings are styled." *Crouch v. Norris*, 251 F.3d 720, 722-23 (8th Cir. 2001). The petition, has therefore, been construed as being brought pursuant to § 2254.

## I.

Both parties provide evidence of the disciplinary actions at issue. They include the following incidents. On December 16, 2010, Petitioner checked out the Jailhouse Lawyer's Manual, from the prison library. She returned the book on December 27, 2011. The librarian, Clara Robinson, discovered that approximately ten (10) pages of the book had been altered. Robinson charged Petitioner with failure to obey verbal and/or written orders of staff (code violation 12-1) and destruction or intentional misplacement of state property (code violation 08-8). (Doc. No. 9-1, Respondent's Exhibit A, at 1). Following an extension, the hearing officer found Petitioner guilty of the charged offenses and imposed sanctions that included twenty (20) days punitive isolation, class reduction to IV, and $100 restitution. *Id.* at 2, 5. The findings and sanctions were upheld on appeal. (Doc. No. 2, Petition, at 12).

On May 23, 2011, a library book entitled The Prisoner's Self-Help Litigation Manual, was found in Petitioner's cell. According to the disciplinary, "[o]nly segregation I/M's are allowed to check law books. I/M Kendrick is housed in bk 8[.]" (Doc. No. 9-2,

---

*Gilliam v. Miller*, 973 F.2d 760, 764 (9th Cir. 1992).

Respondent's Exhibit B, at 1).  Ink markings were found in the book, and Robinson charged Petitioner again with failure to obey verbal and/or written orders of staff and destruction or intentional misplacement of staff property.  *Id.*  Following an extension, the hearing officer found Petitioner guilty of the latter charge, and she received sanctions of sixty (60) days restrictive  commissary privileges, class reduction to IV, and restitution of $39.95.  *Id.* at 2, 5.  On appeal, the findings and sanctions of the hearing officer were modified to reflect no restitution.  (Doc. No. 2-1, p. 9).

On June 30, 2011, Robinson charged Petitioner with failure to obey verbal and/or written orders of staff (code violation 12-1) and unauthorized use of state property/supplies (code violation 07-1).  Robinson alleged Petitioner "used state property to write her legal work on."  (Doc. No. 9-3, Exhibit C, at 1).  The hearing officer found Petitioner guilty and imposed sanctions that included a reduction in classification and ten (10) days in punitive isolation, and thirty (30) days of restricted commissary, phone, and visitation privileges.  *Id.* at 2.

On August 4, 2011, Robinson's pen was discovered in Petitioner's cell.  Petitioner was charged with failure to obey verbal and/or written orders of staff (code violation 12-1) and unauthorized use of state property/supplies (code violation 07-1).  (Doc. No. 9-4, Respondent's Exhibit D, at 1).  The hearing officer found Petitioner guilty and she received class reduction and sixty (60) days of restricted commissary, phone, and visitation privileges.  *Id.* at 2.

II.

Petitioner raises four grounds:  certain disciplinary actions had expired before the hearing was conducted; improper extensions of time were granted by prison officials; the disciplinary notices lacked specificity as to the charges against her; and prison officials failed to list contraband confiscated from her on a proper form.  (Doc. No. 2, Petition, at 2).

The essence of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  Habeas is thus the exclusive remedy when an attack "goes directly to the constitutionality of [a prisoner's] physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration."  *Id.* at 489.   If a habeas petition is not challenging the validity of her conviction or sentence or the length of her state custody, a habeas court lacks the power or subject matter jurisdiction to grant relief.  *Khaimov v. Crist*, 297 F.3d 783, 785-86 (8th Cir. 2002) (finding that habeas petitioner's claims regarding prison mail and segregation were improperly brought under § 2254 because they were not alleged to have illegally extended his period of confinement); *Kruger v. Erickson*, 77 F.3d 1071, 1073-74 (8th Cir. 1996) (dismissing habeas petition for lack of subject matter jurisdiction where prisoner did not "make any colorable allegation that his underlying conviction is invalid or that he is otherwise being denied his freedom from incarceration").

Respondent submitted Petitioner's ADC prison record (Doc. No. 9-5, at 4-23), which indicates that Petitioner's good-time classification was changed on December 14, 2010, when her Class II status was reduced to Class IV. *Id.* at 6. Petitioner does not challenge in this petition the disciplinary that gave rise to the reduction in classification. Nor does the record evidence a loss of good-time credits or any change in the duration of her term of confinement in the ADC resulting from the disciplinaries in question. Thus, the Court lacks subject matter jurisdiction to consider the merits of claims regarding them in a federal habeas action.

Additionally, Petitioner's complaints regarding use of improper forms and procedures do not give rise to habeas relief. A federal court may issue a writ of habeas corpus only for a violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2241(c), 2254(a). There is no federal constitutional interest in having state officers follow state law or prison officials follow prison regulations. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003). Therefore, Petitioner's claims in this regard do not amount to a cognizable federal habeas claim. Further, Petitioner's claim that she was not provided proper notice is contradicted by the record evidence, and no due process violations are implicated. *See Wolff v. McDonnell*, 418 U.S. 539, 564-66, 571-72 n. 19 (1974) (inmate must be given written notice of claimed violation, opportunity to call witnesses and present evidence, and a written statement by the factfinder as to the evidence relied upon and the reasons for the disciplinary action).

Regardless of whether any ADC rules or regulations have been violated, this Court is limited to determining whether a federal violation has occurred.  The Due Process Clause does not protect prisoners from every adverse change in their confinement and does not, itself, create a protected liberty interest in any particular prisoner classification, *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976), or in being free from transfer to "less amenable and more restrictive quarters" in the prison, *Hewitt v. Helms*, 459 U.S. 460, 468 (1983).  Liberty interests arising from state law are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or to actions which "inevitably affect the duration of [a prisoner's] sentence."  *Sandin v. Conner*, 515 U.S. 472, 484, 487 (1995).  Disciplinary sanctions such as those Petitioner received—class reduction, isolation, and restricted privileges, with no accompanying loss of good time—have no effect on the duration of her sentence, as contemplated by *Sandin*.  Moreover, *Sandin* expressly recognized that disciplinary action by prison officials in response to a prisoner's misconduct "falls within the expected perimeters of the sentence imposed by a court of law."  *Id*. at 485.  Adjustments in classification and temporary segregation and/or restricted privileges as a means of punishment are certainly an expected component of prison life and do not "present a dramatic departure from the basic conditions of [an inmate's] sentence."  *Id.*

III.

For the reasons set forth above, this 28 U.S.C. § 2254 petition for writ of habeas corpus (DE #2) should be dismissed in its entirety with prejudice.  All pending motions should be denied.  Moreover, a certificate of appealability should be denied, as Petitioner has not made a substantial showing of the denial of a constitutional right.   28 U.S.C. § 2253(c)(1)-(2); Rule 11, Rules Governing Section 2254 Cases in United States District Courts.

SO ORDERED THIS 23rd day of April, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

8