IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

THERESA C.W. PRYOR-KENDRICK
ADC # 708204 PETITIONER

v. Case No. 5:12CV00006-DPM-JTK

RAY HOBBS, Director,
Arkansas Department of Correction RESPONDENT

**SECOND PROPOSED FINDINGS AND RECOMMENDATIONS**

INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge D.P. Marshall, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

I. Procedural History

On April 23, 2012, the undersigned issued a Report and Recommendation that Petitioner's petition for writ of habeas corpus be dismissed in its entirety. (DE #17) Petitioner had fourteen days to file written objections. A few days after the objection deadline, the Clerk received approximately 1,000 pages of materials from Petitioner, the majority of which (983 pages) consists of a detailed journal that Petitioner claims to have kept during her parole in 2009. Much of this illegible and convoluted material is hand-written in faint pencil on the back of other documents. Included in these documents were an Objection and several motions, including a Motion to Amend/Correct Petition (DE # 23), Motion for Order Reducing Sentence (DE #26), and a Motion for Reconsideration of State

Court's Parole Revocation (DE #28). Due to these filings, the District Court denied the undersigned's Report and Recommendation and referred the above-referenced motions. (DE #22) Petitioner thereafter filed a second Motion to Amend (DE #29) that has likewise been referred.

II. Discussion

Petitioner is no stranger to the state or federal courts in this jurisdiction. In March 2003, she was placed on three years of state-supervised probation for hot check violations. In March 2004, Petitioner's probation was revoked due to her failure to report to her probation officer, failure to pay ordered monies, and writing more hot checks. She is currently serving 120 months' imprisonment in the Arkansas Department of Correction (ADC) for this violation of probation.

As noted in the first Report and Recommendation, Petitioner challenged four prison disciplinary decisions from January to August 2011. In her petition (Doc. No. 3, at 1, 3), Petitioner also advances a claim pursuant to the Administrative Procedure Act (APA); however, to the extent she is asking for federal administrative review, no such relief is available to her.[1] Additionally, Petitioner brings this action under 28 U.S.C. § 2241, rather

---

[1]A plain reading of the APA defines "agency" as "each authority of the Government of the United States." 5 U.S.C. § 551 (1). "By its own terms, the APA does not apply to state agencies. This result is confirmed by case law." *Southwest Williamson County Community Ass'n, Inc., v. Slater*, 173 F.3d 1033, 1035-36 (6th Cir. 1999) (citing *Resident Council of Allen Parkway Village v. HUD*, 980 F.2d 1043, 1055 (5th Cir. 1993); *Gilliam v. Miller*, 973 F.2d 760, 764 (9th Cir. 1992). *See also Hunter v. Underwood*, 362 F.3d 468, 447 (8th Cir. 2004) ("The APA does not grant federal courts jurisdiction to review actions of state or municipal agencies . . . .")

than 28 U.S.C. § 2254, but when a habeas petitioner is in custody pursuant to a state-court judgment (as Petitioner is), she "can only obtain habeas relief through § 2254, no matter how [her] pleadings are styled." *Crouch v. Norris*, 251 F.3d 720, 722-23 (8th Cir. 2001). The petition has therefore been construed as being brought pursuant to § 2254.

A. Motions to Amend

Since the filing of the first Report and Recommendation, Petitioner has submitted objections along with other documents, including two motions to amend. The rules governing habeas petitions allow amendments as provided in the applicable rules of civil procedure. *See* 28 U.S. C. § 2242. Federal Rule of Civil Procedure 15 provides that leave to amend "shall be freely given when justice so requires." The decision to grant or deny a motion to amend is within the discretion of the district court. *See Foman v. Davis*, 371 U.S. 178 (1962). "Rule 15(c)(2) . . . provides that pleading amendments relate back to the date of the original pleading when the claim asserted in the amended plea 'arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading'" *Mayle v. Felix*, 545 U.S. 644, 656 (2005). "So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." *Id*. at 664.

In the first motion to amend, DE #23, Petitioner notes that she wishes to amend her petition "to attack the 7 Disciplinaries [arising] from Ms C G Robinson." (DE #23, Motion to Amend, 2 DPM-12). She submits a proposed amended complaint that contains a variety of documents, including exhibits containing excerpts from Western District filings, state

court filings related to her parole revocation and marriage, and ADC filings related to the Missouri detainer and Arkansas parole. Attempts have been made to decipher this hodgepodge of material when possible; however, the Court was unable to determine the additional disciplinaries Petitioner wishes to challenge. The relief requested, according to Petitioner, is "amended to reflect the legality of the actors." *Id.* at 5-DPM-12.

The undersigned finds that the motion should be denied. In the petition, Petitioner makes irrelevant arguments, including that (1) the police officers who arrested her in Fayetteville took her payroll checks and failed to read to her the Miranda rights and (2) her parole officer was "too lazy" to text or email her. First, the attached proposed amended petition is a collection of filings and letters that Petitioner has either filed in or received from state and federal courts across the state. Local Rule 9.1 requires incarcerated persons to submit court-approved forms supplied by the Court, unless other filings are understandable and conform with local rules and the federal rules of procedure. Petitioner's filings not only fail to comply with the local rule, but they also lack any type of logical and coherent sequence. Second, while leave to amend should be freely given, it is certainly uncalled for in a situation such as this, where the information contained in the amended complaint lacks any cognizable or even relevant points. Most of the information presented in the proposed amended complaint has already been dealt with in other forums or is not cognizable in this habeas action. Third and perhaps most importantly, these arguments do not relate back to the original habeas petition filed. *See Mayle v. Felix,* 545 U.S. at 662 ("Congress enacted AEDPA to advance the finality of criminal convictions. . . . If claims asserted after the one-

year period could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, AEDPA's limitation period would have slim significance.") (internal citations omitted).

In her second motion to amend, DE # 29, Petitioner requests permission to rewrite two of her original documents. The first is Petitioner's journal, and the identity of the second is unclear. Petitioner alleges that she ran out of ink while in segregation and had to write in pencil in order to make the filing deadline. She requests the Court to return these documents "within a zone of 20 days" so that she may rewrite them in pen and resubmit them to the Court.

The second motion to amend should likewise be denied. It does not contain any claims for relief but merely a request to rewrite two documents. Such a rewrite would not aid the Court in any way. First, Petitioner's handwriting is illegible and incomprehensible at times, and the undersigned is hard-pressed to see how any such rewrite in pen would aid the Court. Second, legibility is not the issue primary issue here but rather the relevance of the material provided. The "journal" is Petitioner's personal thoughts, details, and other things that she has chosen to record. The undersigned simply finds the material irrelevant.

B. Petition to Correct Sentence (DE # 26) and Motion for Reconsideration(DE #28)[2]

---

[2] The Court notes that these "motions" are state circuit court forms that Petitioner has attempted to modify by scratching out "Circuit" and inserting "District" court of Pulaski County. The language used in the forms clearly contemplate inmates seeking state-court relief. In fact, included in Petitioner's Proposed Amended Petition is a letter opinion dated April 23, 2012, from the Washington County (Arkansas) Fourth Judicial

Petitioner also requests that the Court grant her two other pleadings—a petition to correct sentence and a motion to correct a sentence illegally imposed.

In the petition to correct, Petitioner asserts that she is entitled to a correction of her sentence because it was imposed illegally under Ark. Code Ann. § 16-90-111. In support of this argument, she alleges that 1) she was sentenced by the Arkansas Parole Board and not the Washington County District Judge, Prosecutor, or Public Defender to thirty days in jail and told that, if she could not find a new place of residence, a hearing would be held and she could get up to one year; 2) three days after being told she would serve only thirty days in jail, she was sentenced to prison; 3) she was deprived of her liberty to be free from discrimination; 4) she was deprived of her liberty to work in the free world and pay restitution; and 5) she was deprived of her liberty to be reunited with her two boys and live as a tax-paying human being.

In the motion for reconsideration, Petitioner seeks reconsideration of the revocation of her parole. She states that she did not violate the conditions of her release and "complied 100% to the best of her ability." She notes that she kept a "journal" of all calls to her parole officer.

Petitioner again appears to seek relief unavailable to her in habeas. If what Petitioner seeks is the relief requested in the motions, the federal courts can not grant it to her. These

---

Circuit, Second Division, that deals with these same petitions. The Washington County Court found Petitioner's papers "rambling and disjointed", and it noted that it was unable to make "heads or tails" of them. A previous state court had already denied the motions.

motions rest on state law, and "federal habeas relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). The undersigned construes these pleadings as further attempts to amend the original habeas petition, and for the same reasons previously provided, they should be denied.

C. Habeas Petition

As the undersigned understands it, the District Court did not deny the Report and Recommendation based on any errors of law or erroneous findings of fact. Instead, the District Court declined to adopt the Report and Recommendation based on Petitioner's subsequent objection and filings. As such, the undersigned is still of the belief that this petition should be dismissed for the same reasons that were outlined in the first Report and Recommendation.

The disciplinaries at issue involve the following incidents:

1. On December 16, 2010, Petitioner checked out the Jailhouse Lawyer's Manual, from the prison library. She returned the book on December 27, 2011. The librarian, Clara Robinson, discovered that approximately ten (10) pages of the book had been altered. Robinson charged Petitioner with failure to obey verbal and/or written orders of staff (code violation 12-1) and destruction or intentional misplacement of state property (code violation 08-8). (Doc. No. 9-1, Respondent's Exhibit A, at 1). Following an extension, the hearing officer found Petitioner guilty of the charged offenses and imposed sanctions that included twenty (20) days punitive isolation, class reduction to IV, and $100 restitution. *Id.* at 2, 5. The findings and sanctions were upheld on appeal. (Doc. No. 2, Petition, at 12).

2. On May 23, 2011, a library book entitled The Prisoner's Self-Help Litigation Manual, was found in Petitioner's cell. According to the disciplinary, "[o]nly segregation I/M's are allowed to check law books. I/M Kendrick is housed in bk 8[.]" (Doc. No. 9-2, Respondent's Exhibit B, at 1). Ink markings were found in the book, and Robinson charged Petitioner again with failure to obey

verbal and/or written orders of staff and destruction or intentional misplacement of staff property. *Id.* Following an extension, the hearing officer found Petitioner guilty of the latter charge, and she received sanctions of sixty (60) days restrictive commissary privileges, class reduction to IV, and restitution of $39.95. *Id.* at 2, 5. On appeal, the findings and sanctions of the hearing officer were modified to reflect no restitution. (Doc. No. 2-1, p. 9).

3. On June 30, 2011, Robinson charged Petitioner with failure to obey verbal and/or written orders of staff (code violation 12-1) and unauthorized use of state property/supplies (code violation 07-1). Robinson alleged Petitioner "used state property to write her legal work on." (Doc. No. 9-3, Exhibit C, at 1). The hearing officer found Petitioner guilty and imposed sanctions that included a reduction in classification and ten (10) days in punitive isolation, and thirty (30) days of restricted commissary, phone, and visitation privileges. *Id.* at 2.

4. On August 4, 2011, Robinson's pen was discovered in Petitioner's cell. Petitioner was charged with failure to obey verbal and/or written orders of staff (code violation 12-1) and unauthorized use of state property/supplies (code violation 07-1). (Doc. No. 9-4, Respondent's Exhibit D, at 1). The hearing officer found Petitioner guilty and she received class reduction and sixty (60) days of restricted commissary, phone, and visitation privileges. *Id.* at 2.

Petitioner raises four grounds: (a) certain disciplinary actions had expired before the hearing was conducted; (b) improper extensions of time were granted by prison officials; (c) the disciplinary notices lacked specificity as to the charges against her; (d) and prison officials failed to list contraband confiscated from her on a proper form. (Doc. No. 2, Petition, at 2).

The traditional scope of habeas corpus includes claims seeking either immediate release from confinement or a reduction in future confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973). "Habeas corpus is . . . available for challenges to prison

disciplinary proceedings that extend the duration of an inmate's confinement." *Bressman v. Farrier*, 900 F.2d 1305, 1310 (8th Cir. 1990) (citing *Peyton v. Rowe*, 391 U.S. 54, 63-64 (1968)); *Sheldon v. Hundley*, 83 F.3d 231, 234 (8th Cir. 1996) ("[P]risoners who challenge disciplinary rulings that do not lengthen their sentence are probably outside the habeas statute and able to seek damages under § 1983 without showing favorable termination in an authorized state tribunal or a federal habeas court."). If a habeas petitioner is not challenging the validity of her conviction or the length of her state custody, a habeas court lacks the power or subject matter jurisdiction to grant relief. *Khaimov v. Crist*, 297 F.3d 783, 785-86 (8th Cir. 2002) (finding that habeas petitioner's claims regarding prison mail and segregation were improperly brought under section 2254 because they were not alleged to have illegally extended his period of confinement)). Here, the Court finds that it lacks subject matter jurisdiction to consider the merits of the claims because the record does not reflect the loss of good-time credits or any change in the duration of Petitioner's term of confinement in the ADC resulting from the disciplinaries in question.

Additionally, Petitioner's complaints regarding use of improper forms and procedures also do not give rise to habeas relief. A federal court may issue a writ of habeas corpus only for a violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2241(c), 2254(a). "[T]here is no federal constitutional interest in having state officers follow state law or prison officials follow prison regulations. Rather, any liberty interest must be an interest in the nature of the prisoner's confinement, 'not an interest in the procedures by which the

state believes it can best determine how he should be confined.'" *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (citing *Kennedy v. Blakenship*, 100 F.3d 640, 643 (8th Cir. 1996)). Therefore, Petitioner's claims in this regard do not amount to a cognizable federal habeas claim.

Further, Petitioner's claim that she was not provided proper notice is contradicted by the record evidence, and no due process violations are implicated. *See Wolff v. McDonnell*, 418 U.S. 539, 564-66, 571-72 n. 19 (1974) (inmate must be given written notice of claimed violation, opportunity to call witnesses and present evidence, and a written statement by the factfinder as to the evidence relied upon and the reasons for the disciplinary action). Regardless of whether any ADC rules or regulations have been violated, this Court is limited to determining whether a federal violation has occurred. The Due Process Clause does not protect prisoners from every adverse change in their confinement and does not, itself, create a protected liberty interest in any particular prisoner classification, *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976), or in being free from transfer to "less amenable and more restrictive quarters" in the prison, *Hewitt v. Helms*, 459 U.S. 460, 468 (1983). Liberty interests arising from state law are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or to actions which "inevitably affect the duration of [a prisoner's] sentence." *Sandin v. Conner*, 515 U.S. 472, 484, 487 (1995). Disciplinary sanctions such as those Petitioner received—class reduction, isolation, and restricted privileges, with no accompanying loss of good time—have no effect

on the duration of her sentence, as contemplated by *Sandin*. Moreover, *Sandin* expressly recognized that disciplinary action by prison officials in response to a prisoner's misconduct "falls within the expected perimeters of the sentence imposed by a court of law." *Id.* at 485. Adjustments in classification, temporary segregation, and/or restricted privileges as a means of punishment are certainly an expected component of prison life and do not "present a dramatic departure from the basic conditions of [an inmate's] sentence." *Id.*

IV. Conclusion

For the reasons set forth above, this 28 U.S.C. § 2254 petition for writ of habeas corpus (DE #2) should be dismissed in its entirety with prejudice. All pending motions should be denied. Moreover, a certificate of appealability should be denied, as Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c).

SO ORDERED THIS14th day of August, 2012.

UNITED STATES MAGISTRATE JUDGE